### PICKMAN v. GEORGETOWN COUNTY *ET AL.*

#### (125 S. E., 191)

PLEADING—VERIFICATION OF COMPLAINT ON INFORMATION AND BELIEF BY PLAINTIFF'S AGENT HELD INSUFFICIENT.—Verification of complaint for injunction on information and belief by plaintiff's alleged agent, giving no reasons why affidavit was not made by plaintiff, and no sources of alleged information or grounds of knowledge and belief, *held* insufficient, under Code Civ. Proc., 1922, § 418.

Before SHIPP, J., Georgetown, August, 1923. ˙ Affirmed.

Action by Dudley L. Pickman against Georgetown County and others. From an order denying a permanent injunction and dissolving temporary restraining order, plaintiff appeals.

The order of Judge Shipp, referred to in the opinion, follows:

"Upon hearing the return to the rule to show cause, heretofore issued by me herein, why an injunction should not issue enjoining the defendants from condemning the lands of the plaintiff, described in the complaint, it is ordered that the rule be, and the same is, discharged, and the temporary restraining order issued herein be, and the same is, set aside and dissolved. Press of work forbids me from giving at length my reasons for this order. I am satisfied that none of the constitutional grounds of attack against the Acts of the Legislature mentioned in the complaint can be sustained. Even if the Acts were unconstitutional, the acts of a *de facto* officer cannot be attacked, except by some one having the lawful title of the office; furthermore, the complaint in this case shows that many of the material allegations are made on information and belief, and the sources of the informattion are not given. The complaint purports to be verified, not by the plaintiff, but by Esther R. L. Carraway, an alleged agent of the plaintiff; no reason being given why the affidavit is not made by plaintiff, and no

sources of her alleged information or grounds of her knowledge and belief being given. It is not verified as required by Section 418, Chapter 5, § 2 of Volume 1 of the Code of Laws of South Carolina, 1922. The complaint stands as an unverified complaint, and an injunction can only issue upon affidavit of a verified complaint. It ought not to issue upon allegations made on information and belief, without the sources of such information and the grounds of belief being given. It does not appear that the plaintiff will suffer irreparable loss, but that is a mere conclusion, and no facts are stated to justify the conclusion. The road is a different thing from the ferry, and should defendants attempt to contract with any one as to the ferry without executing bond then will be time to apply for an injunction.

*Mr. Capers G. Barr,* for appellant, cites: *Verification of complaint:* Sec. 418, Subdivision 2, Vol. 1, Code 1922; 63 S. C., 182; 102 S. C., 283. *As to injunctions:* 37 S. C., 223; 67 S. C., 84. *Error to refuse the temporary injunction:* 60 S. C., 568; 67 S. C., 84; 59 S. C., 371; 63 S. C., 201; 63 S. C., 348; 54 S. C., 457; 62 S. C., 196; 51 S. C., 433. *Right to an order of injunction:* 60 S. C., 568; 25 S. C., 41; 54 S. C., 345. *Action for permanent injunction:* 54 S. C., 457. *De facto and de jure officers:* 118 U. S., 425; Note 74 N. J. L., 455. *Prima facie case entitling plaintiff to relief demanded:* 67 S. C., 84; 51 S. C., 433; 34 S. C., 345.

*Mr. Maham W. Pyatt,* for respondents, cites: *Verification of complaints* 28 S. C., 181; 33 S. C., 251; 50 S. C., 201. *De facto officers:* 7 S. C., 24; 35 S. C., 196; 85 S. C., 156; 92 S. C., 323. *Perscriptive right:* 1 Strob., 110. *Order refusing temporary injunction correct:* 88 S. C., 118; 87 S. C., 566; 69 S. C., 408; 86 S. C., 408. *Condemnation proceedings:* Const. of S. C. and Sec. 2907, Vol. 3, Code 1922.

November 11, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons assigned by his Honor, Judge Shipp, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE MARION concurs in result.

MR. JUSTICE FRASER disqualified, did not participate.

MR. JUSTICE COTHRAN (concurring in result) : I concur in the result upon the ground that the verification of the complaint is insufficient, and that the application is not supported by affidavits.

I do not agree to the statement: "Even if the Acts were unconstitutional, the acts of a *de facto* officer cannot be attacked, except by some one holding the lawful title of the office."

This is, generally speaking, true, but the principle does not apply where there is no office legally created; the rule being that where there is no office, there can neither be an officer *de jure* nor *de facto*. *Norton v. Shelby County,* 118 U. S., 425; 6 S. Ct., 1121; 30 L. Ed., 178. *Carleton v. People,* 10 Mich., 259. *Lang v. Bayonne,* 74 N. J. Law, 455; 68 A., 90; 15 L. R. A. (N. S.), 93; 122 Am. St. Rep., 391; 12 Ann. Cas,. 961.