## 12343

### EMERSON v. KAMINSKI *ET AL.*

#### (141 S. E., 108)

EMINENT DOMAIN—TEMPORARY RESTRAINING ORDER AGAINST CONDEMN-ING ROAD HELD PROPERLY DISSOLVED, FOR LACK OF SUPPORT OF CHARGES OF ABUSE OF DISCRETION AND BAD FAITH.—Allegations of abuse of discretion, bad faith, oppression, and illegality on the part of county officers, with respect to the necessity of the proposed road for which they were condemning, *held* to have no support in the record, so that temporary restraining order in action to enjoin was properly dissolved.

Before SHIPP, J., Georgetown, June, 1927. Affirmed.

Injunction action by Isaac E. Emerson against Harold Kaminski and others, members of the Board of County Commissioners of Georgetown County, and Harold Kaminski, as Chairman of such Board. From an order dissolving a temporary restraining order, plaintiff appeals.

The complaint, answer, demurrer, orders of Judge Shipp, and the exceptions are as follows:

### "COMPLAINT

"The plaintiff herein complaining against the defendants herein alleges:

" '(1) That plaintiff is now and was at the several times hereinafter mentioned a resident of the City of Baltimore, County of Baltimore, and State of Maryland, and a large landowner and a taxpayer of the County of Georgetown and State of South Carolina.

" '(2) That the defendants, Harold Kaminski, John J. Young, George F. Parker, J. Harry Gladson, John E. Harrelson, John T. Howard, and Frank J. Byrd, are the duly appointed and qualified County Commissioners in and for the County of Georgetown and State of South Carolina, and as such constitute the board of County Commissioners.

in and for said County and State, and that the said Harold Kaminski is chairman of said board.

" '(3) That plaintiff is the owner of a tract of land in Georgetown County, S. C., with residences and buildings thereon, known as Rose Hill plantation, situate, lying, and being between Waccamaw River and the Atlantic Ocean, which is used by plaintiff as a winter home, and on the up-keep and care of which plaintiff has expended large sums of money for the past several years.

" '(4) That on the 30th day of May, 1927, the defendants caused to be served on plaintiff a notice of condemnation on said property, a copy of which is hereto annexed, marked "Exhibit A," reference to which is prayed, and in and by which notice said defendants say that they "intend to condemn a portion of your lands as hereinafter described, as a right of way for a public highway, which lands are more particularly described as follows: Commencing at a point on the boundary line between Alderly plantation and Rose Hill plantation near the head of the Alderly Canal, and running thence in a general easterly direction to the public road known as the King's Highway, which said right of way is to be 75 feet wide, and about 6,300 feet long, and will comprise about 10 acres of land, more or less."

" '(5) On information and belief, that the defendants intend and propose to operate a ferryboat from the City of Georgetown to connect with the western terminal of the right of way that they propose to condemn on plaintiff's property, and that the ultimate purpose of said County Commissioners, by instituting said condemnation proceedings, is to establish transportation connections between the City of Georgetown and Pawley's Island.

" '(6) On information and belief that the County Commissioners are now about to operate a ferryboat between the City of Georgetown and a point on Waccamaw River known as Hagley, and that there is now an excellent highway main-

tained by the County of Georgetown between Hagley and Pawley's Island.

" '(7) That, in proceeding and attempting to condemn said right of way over the lands of plaintiff, the defendants are abusing their discretion and are acting in bad faith, and oppressively and illegally, in that (a) because the right of way that defendants propose to condemn through plaintiff's lands is not necessary, and such right of way would not be for the material and best interests of the traveling public; (b) in that the place where the defendants propose to build and construct embankments and a wharf for the western terminal of said right of way, and as a dock for said ferry-boat that they propose to operate from the City of George-town to connect with said right of way, is the southern bank of a canal, which canal separates and divides the property of plaintiff from lands of B. M. Baruch, and the building and constructing of embankments and a wharf at this place would seriously impair the navigability of said canal and cause the mouth of said canal to fill with mud and thus render the same useless; (c) in that the real purpose of the defendants in proceeding to condemn a right of way at the place mentioned is not for the best interests of the traveling public, but is an attempt to coerce and force plaintiff to expend or put up a large sum of money for the purpose of establishing a bridge across Waccamaw River at a point higher up the river in order to protect his lands from such condemnation proceedings; (d) in that the defendants have no legally acquired funds available for the purpose of financing the building and constructing of wharves and embankments and the maintenance and operation of said ferryboat—all of which would be and are necessary for the use of said proposed right of way.

" '(8) That, if the defendants are permitted to proceed to condemn said right of way through the lands of plaintiff, the plaintiff will suffer irreparable injury and against his

consent will be deprived of his property and the use and occupation of the same to his great damage, and the said property will be taken by the said defendants without an opportunity having been afforded plaintiff to assert and maintain and defend his rights of property before this Court.

" '(9) That plaintiff has no adequate remedy at law, and can be relieved and protected only by the interposition of a Court of Equity, where matters of this nature are cognizable, and by an injunction of this honorable Court.

" 'Wherefore plaintiff prays judgment as follows:

" '(1) That the defendants, and all persons acting under them, and also all of their servants, agents, officers, and employees be perpetually enjoined and restrained from proceeding or attempting to proceed to condemn the land or right of way over the land and premises of the plaintiff, hereinbefore described, and from entering, or attempting to enter upon the land and premises of plaintiff, or from taking possession of or appropriating to their use the lands or right of way over the same as aforesaid.

" '(2) That in the meantime, and until the final hearing of this cause, this Court do issue a temporary injunction enjoining and restraining the said defendants from doing or attempting to do the acts hereinbefore set for and as hereinbefore prayed.

" '(3) For such other and further relief as may be just and equitable.' "

### "ORDER

"Upon reading and considering the verified complaint of the plaintiff herein, and on motion of Barr & Smith, attorneys for plaintiff, it is ordered that the defendants and each of them, their servants, agents, officers, and employees, do desist and refrain from proceeding or attempting to proceed to condemn the land or right of way over the land and premises of plaintiff, described in the complaint in this ac-

tion, and (or) from entering or attempting to enter upon the land and premises of plaintiff, and from any further proceedings specified in the complaint herein, until the further order of this Court, and that they do show cause before me at my chambers, Florence, S. C., on the 1st day of July, 1927, at 11 o'clock in the forenoon, or as soon thereafter as counsel can be heard, why they and each of them, should not be perpetually restrained and prohibited from any further actions in the condemnation proceedings as alleged and set forth in the complaint herein.

"Further ordered that copies of all pleadings, exhibits, and affidavits to be submitted and relied upon by the said defendants at said hearing shall be served on the plaintiff's attorneys not less than two days before the said hearing, and that plaintiff have leave to reply thereto."

## "ANSWER

"The defendants herein answer the complaint of the plaintiff herein as follows:

"(1) These defendants admit the allegations of Paragraphs 1, 2, and 4 of the said complaint contained.

"(2) Admit so much of Paragraph 3 as alleges that the plaintiff is the owner of a plantation or tract of land in Georgetown County, known as Rose Hill, lying between the Waccamaw River and the Atlantic Ocean, but deny that the said plantation is used by the plaintiff as a winter home. On the contrary, these defendants allege that the plaintiff resides at Prospect Hill Plantation, when in Georgetown County, this being his winter home, and that Rose Hill Plantation is used solely as a game preserve; and on information and belief allege that, if large sums of money have been expended by the plaintiff on Rose Hill Plantation, such sums have been expended in attempting to dam a salt water creek between Debordieu Beach and the mainland, and also in constructing ponds in the same locality for the purpose

of attracting ducks, and that this work has been done on a part of the plantation some miles distant from the Alderly-Rose Hill canal; on information and belief that no one resides at Rose Hill Plantation except a negro watchman or caretaker and perhaps some negro laborers.

"(3) These defendants admit so much of Paragraph 5 as alleges their intention to operate a ferry to connect the City of Georgetown with the western terminal of the right of way acquired from Mr. B. M. Baruch, being a wharf to be erected at the western extremity of the Southern Bank of the Alderly Canal, and to establish transportation connections not only with Pawley's Island but with the public road known as the King's Highway, which runs approximately north and south through Waccamaw Neck, No. 7 Township, into Horry County, and thus afford the residents of No. 7 Township a means by which they can come to Georgetown by driving down the neck and crossing a ferry between Alderly and Georgetown, a distance of approximately 1⅞ miles, where at present they would have to drive around by Conway or go into Horry County and cross at Peach Tree Ferry. That Waccamaw Neck is a rich farming county, rapidly being developed from Murrells Inlet down as a summer resort, and lacks only some adequate transportation facilities, and this ferry will enable people living at Andrews, Sumter, Columbia, and other places to get over to Waccamaw Neck and Pawley's Island.

"(4) Admit the allegations of Paragraph 6, except in so far as it alleges that there is an excellent highway from Hagley to Pawley's Island, and allege that the operation of the ferryboat to Hagley would only be temporary, to supply the needs of the people until the wharf and road at Alderly can be completed; that the distance from Georgetown to Hagley, about 10 miles, is too long for the operation of a ferryboat; that it would take the boat too long to make this

trip; and that the expense would be too great, greater than could be covered by any reasonable tolls.

"(5) Deny all of the allegations of Paragraph 7 except that the Alderly Canal is the dividing line between the plantations of Alderly owned by B. M. Baruch and Rose Hill owned by the plaintiff, and on information and belief allege that the building of the wharf could not in any manner impair the navigability of Alderly Canal, that the said wharf could have no effect on the navigability of the canal unless it was to act as a jetty and improve it. And allege on information and belief that Alderly Canal is not now navigable except for rowboats; that the said canal, being of low navigable capacity, and not being used for the purposes of navigation, it has been allowed to fill up with mud, tree tops, and other débris and is not now navigable for anything except rowboats, nor could it be made available for purposes of navigation unless dredged out; that I. E. Emerson has his winter residence at Prospect Hill Plantation, and that he operates his boats from Georgetown to that point, where, as defendants are informed and believe, he has proper facilities for their accommodation. And these defendants on information and belief allege that Alderly Canal has never been used for purposes of navigation except when the lands were planted in rice it was used by rice flats, and that since that time, about 20 years ago, the said canal has filled up with mud, logs, and other débris, and is not now used for the purposes of navigation and has not been so used for 20 years.

"(6) These defendants deny all of the allegations of Paragraphs 8 and 9, and on the contrary allege that the plaintiff will suffer no damage except to have a public road constructed through a part of his game preserve, and that the plaintiff has an adequate remedy at law.

"Wherefore defendants demand that the complaint be dismissed with costs."

"DEMURRER

"The board of County Commissioners of the County of Georgetown demur to the complaint of the plaintiff therein, on the grounds that the same does not contain facts sufficient to constitute a cause of action on the following grounds:

"(1) That, while plaintiff alleges irreparable injury, he fails to state any facts from which irreparable injury may be inferred. The allegation of the damage is that the building and construction of the embankment on the south bank of the Alderly Canal will impair the navigability of the canal of Alderly, and this is not an allegation of irreparable injury for the following reasons:

"(a) It would only cause damage which would be ascertained, and the amount of damage could be compensated, for the canal could be dredged out and a new canal dug.

"(b) That the allegations of the complaint show that B. M. Baruch owns one-half of the canal, and that any navigation to which the plaintiff would, as a matter of law, be entitled would be on his half of the canal.

"(c) That the complaint does not allege that the canal is now navigable, is used or could be used for the purpose of navigation.

"(d) That the complaint is for an injunction to restrain condemnation proceedings from the head of the canal on the highland to the King's Highway, and does not enjoin work on the bank.

"(e) That the Act of the General Assembly, approved the 24th day of February, 1926, being an Act to authorize and empower the County Board of Commissioners of Georgetown County to issue not exceeding $45,000 bonds for Georgetown County for the building and construction of wharf, embankment, and ferryboat for the purpose of establishing a ferry across Winyah Bay from the foot of

Front Street to a point on Waccamaw River at Alderly Plantation, show the purpose of condemnation proceedings, and this purpose is so clearly shown by the said Act that no other motive can be considered except the one set out in the Act.

"(f) That the right to condemn lands is not dependent upon the possession by the County of funds necessary to complete the road, dated this 24th day of June, A. D. 1927.

"We hereby certify this demurrer is meritorious and not intended for delay."

"ORDER

"This matter comes before me on a motion of the defendants to dissolve the restraining order granted by me on the application of the plaintiff under date of June 18th. The scope of such restraining order was to enjoin the defendants, pending the further order of the Court, from proceeding with the condemnation of a right of way for a road, as described in the complaint. The motion is supported by various affidavits. No question is made in the complaint, or in the motion upon which the restraining order was granted, as to the general powers of the defendants under the laws relating to condemnation, nor is any irregularity pointed out in such pleadings, as far as the proceedings to condemn are concerned. The gravamen of the complaint rests upon allegations charging abuse of discretion, bad faith, oppression, and illegality with respect to the necessity of the proposed road, the effect of its construction on the plaintiff's lands, and an alleged motive on the part of the defendants in selecting the particular site on the plaintiff's property. There is also a general allegation in the complaint to the effect that the defendants have no legally acquired funds for the purposes in view in connection with the construction of the said road.

"I find nothing in the complaint, other than allegations by way of conclusions of law or fact, from which it is made

to appear that any of the alleged injury to the plaintiff could not be fully compensated in damages, or pointing to any element of illegality, oppression, abuse of discretion, or bad faith. On the other hand, it appears that the continuance of the restraining order, pending the hearing of the cause on its merits, will interfere with a public project which is intended to benefit a large and economically important section of Georgetown County. Under such circumstances, the law is well settled that interlocutory injunctive relief should not be granted. *Hutchinson v. York County,* 86 S. C., 396; 68 S. E., 577. *Pickman v. Georgetown County,* 130 S. C., 18; 125 S. E., 191.

"Counsel for both parties having been heard, and the matter having been fully considered by me, it is ordered, adjudged, and decreed that the restraining order heretofore granted by me against the defendants as members of, and constituting, the board of County Commissioners of Georgetown County, and against Harold Kaminski as chairman of said board, be, and the same is hereby, dissolved and rescinded, and is without further operation."

### "EXCEPTIONS

"(1) That his Honor, the Circuit Judge, erred in holding that there is nothing in the complaint, other than the allegations by way of conclusions of law or fact, from which it is made to appear that any of the alleged injury to the plaintiff could not be fully compensated in damages.

"(2) That his Honor erred in holding that there is nothing in the complaint other than allegations by way of conclusions of law or fact, pointing to any element of illegality, oppression, abuse of discretion, or bad faith.

"(3) The action being solely for the purpose of obtaining an injunction, and the complaint and the affidavits submitted in support thereof showing a cause for relief, his Honor erred in dissolving the restraining order, and in

refusing to grant a temporary injunction, pending the hearing on the merits.

"(4) The action being solely for the purpose of obtaining an injunction, and the complaint stating a cause of action, and showing with the affidavits submitted in support thereof that a temporary injunction is essential to the assertion and preservation of a legal right, his Honor erred in dissolving the restraining order and in refusing to preserve the status quo pending the hearing on the merits.

"(5) That his Honor erred in holding that the continuance of the restraining order, pending the hearing of the cause on its merits, will interfere with a public project which is intended to benefit a large and economically important section of Georgetown County; the error being that in so holding his Honor was, in effect, deciding the case on its merits."

*Messrs. Barr & Smith,* for appellant, cite: *Temporary injunction proper here:* 71 S. C., 490; 86 S. C., 396; 69 S. C., 156; 75 S. C., 221; 60 S. C., 681; 92 S. C., 418; 42 S. C., 101; 51 S. C., 434; 54 S. C., 457; 62 S. C., 196; 67 S. C., 84; 87 S. C., 566; 37 S. C., 223; 28 S. C., 181; 33 S. C., 251; 60 S. C., 381; 14 R. C. L., 314, Sec. 13; 42 S.. C., 101. *"Preliminary injunction":* 10 Ency. P. & P., 878; 27 S. C., 498.

*Messrs. M. W. Pyatt* and *J. Monroe Spears,* for respondents, cite: *Injunctive relief properly denied here:* 32 C. J., 36, 37; 113 S. E., 347; 85 S. C., 13; I High on Injunctions, II, 12; 4 Pom. Eq. Jur. (4th Ed.), 1685, 1765; 14 R. C. L., 12, 313; 32 C. J., 29, 31; 27 S. C., 409; 87 S. C., 566; 75 S. C., 220; 69 S. C., 156, 159; Id., 551, 554; 134 S. C., 112; 130 S. C., 18. *Commissioners have authority to place road:* Sec. 1343, Code. *Cases distinguished:* 88 S. C., 118; 60 S. C., 381; 92 S. C., 418; 42 S. C., 101; 51 S. C., 434; 54 S. C., 457; 67 S. C., 84. *If balance of*

*injury or damage is on the side of the defendants the injunction will be refused:* 5 Pom. Eq. Jur. (2nd Ed.), 4283; 32 C. J., 81; 82. *Cited generally:* 130 S. C., 18; 14 R. C. L., 330, 333; 85 S. C., 13.

January 4, 1928.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action on the part of the plaintiff, Isaac E. Emerson, was commenced June, 1927, in the Court of Common Pleas for Georgetown County, against the defendants, Harold Kaminski, John J. Young, George F. Parker, J. Harry Gladson, John E. Harrelson, John T. Howard, and Frank J. Byrd, members of and constituting the Board of County Commissioners of Georgetown County, and Harold Kaminski, as chairman of the Board of County Commissioners of Georgetown County, for the sole purpose of enjoining and restraining the defendants from attempting and proceeding to condemn a right of way for a public road over and through the lands of the plaintiff. The plaintiff alleges in his complaint that he is a resident of the City of Baltimore, Md., and is a large landowner and taxpayer of the County of Georgetown, State of South Carolina; that he owns a plantation in Georgetown County, known as Rose Hill plantation, situate, lying, and being between Waccamaw River and the Atlantic Ocean, which plantation, according to the allegations in plaintiff's complaint, is used as a winter home by the plaintiff, "on the upkeep and care of which plaintiff has expended large sums of money for the past several years." Plaintiff further alleges that the defendants, constituting the board of County Commissioners of Georgetown County, on the 30th of May, 1927, caused to be served on the plaintiff a notice of condemnation on said property of the plaintiff, by which the plaintiff was notified of the intention of the defendants, as the Board of County Commissioners, to condemn a portion

of plaintiff's said plantation as a right of way for a public highway, described fully in the notice attached to the complaint. The plaintiff further alleges, on information and belief, that it was the intention of the defendants to operate a ferryboat from the City of Georgetown to connect with the western terminal of the right of way that the defendants proposed to condemn, and that the ultimate purpose of the said County Commissioners is to establish transportation connection between the City of Georgetown and Pawley's Island, and further, that the defendants, as the Board of County Commissioners, are about to operate a ferryboat between the City of Georgetown and a point on the Waccamaw River, known as Hagley, and that there is now an excellent highway maintained by the County of Georgetown between Hagley and Pawley's Island. The plaintiff, further, contends that the defendants in the attempted condemnation proceeding are abusing their discretion, acting in bad faith, oppressively, and illegally, in a number of particulars set forth in the complaint; that he will suffer irreparable injury if the defendants are permitted to proceed to condemn the said right of way through plaintiff's said land, and will sustain great damage, and further, that plaintiff has no adequate remedy at law.

Upon the showing made by the plaintiff, his Honor, Judge Shipp, issued an order restraining the defendants as to the matters set forth in plaintiff's complaint, pending the further order of the Court, and directed them to show cause before him why they should not be perpetually restrained and prohibited from any further action in the said condemnation proceedings.

The defendants filed a verified answer to the complaint, and interposed a demurrer, and by way of return to the rule issued, and on motion to dissolve the temporary injunction, the defendants adopted the affidavits and pleadings served on plaintiff's attorneys. The plaintiff filed reply affidavits,

and the matter was heard by his Honor, Judge Shipp, on the pleadings and numerous affidavits in the cause, served on behalf of plaintiff and defendants.

After a full hearing, his Honor, Judge Shipp, issued an order dissolving the temporary restraining order which he had issued. From this order of Judge Shipp the plaintiff has appealed to this Court.

The plaintiff's exceptions, consisting of five in number, will not be considered separately, but as a whole, for, as stated by counsel for appellant, the exceptions raise but one question, namely, "Did his Honor, Judge Shipp, err in dissolving the restraining order and in refusing to grant a temporary injunction pending the hearing on the merits?"

Appellant states his position thus:

"Plaintiff does not contend that the defendants have no right to condemn a right of way through his property, but he contends that the action of the defendants in attempting to condemn and establish a right of way through his property at the place located by them constitutes an abuse of their discretion, and that they are acting in bad faith, oppressively, and illegally, and are actuated by ulterior motives. Under the complaint, plaintiff would be entitled to the relief sought upon proof that the defendants were abusing their discretion, or were acting in bad faith, or oppressively, or illegally."

The respondents, in accord with their answer and affidavits served in the cause, contend that the record fails to disclose any abuse of discretion, any bad faith, or ulterior motive, or that they were actuated by any wrongful intent, or that they have acted oppressively or illegally; that, on the other hand, they (the defendants) have acted with an honest purpose and best intention, with a desire to construct a highway for the use of the people of their County, and especially to afford a means of travel and transportation for the citizens and taxpayers of Georgetown County residing in that sec-

tion of the County known as Waccamaw Neck, being Township No. 7, and afford them a means of reaching the County seat of the County of Georgetown by traveling a distance of about 1 7/8 miles, whereas at present, in order to reach the County seat of this County, they would have to travel by way of Conway, the County seat of Horry County, many miles distant; that this section of the County the proposed road would open up is a rich farming section, rapidly being developed, and the needs of the citizens and taxpayers of that section demand such highway being constructed, and that this proposed highway would afford the much-needed means for transportation, not only for the citizens residing in the section known as Waccamaw Neck, but would benefit a much larger area of the County, and thus enable the County to go forward with its progressive program launched. Such, in brief, is the position of the respondents.

It would serve no useful purpose to enter into a discussion of the merit, force, and effect of the many and lengthy affidavits in the record. Judge Shipp had these affidavits before him, and after a consideration of the same, in connection with the verified complaint and answer, reached the conclusion that they did not support the charges made against the respondents, and thereupon dissolved the temporary restraining order issued by him. In this we think Judge Shipp was right. As we view the case, the showing made by the plaintiff does not entitle him to the relief asked for. The authority of the defendants to institute condemnation proceedings for the purpose of procuring a right of way over and through plaintiff's lands for the proposed highway is not questioned. Neither is there any irregularity in such proceedings shown or alleged; and, after a careful examination of the record in the case, we are unable to find support for the allegations of abuse of discretion, bad faith, oppression, and illegality on the part of the defendants with respect to the necessity or location of the proposed road. Fur-

ther, it is plain that the plaintiff has an adequate remedy at law for the alleged injury and any damages he may sustain.

The exceptions are therefore overruled. Let the complaint, answer, demurrer, orders of Judge Shipp, and the exceptions be reported.

It is the judgment of this Court that the order of his Honor Judge Shipp appealed from, be, and the same is hereby, affirmed.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease and Stabler concur.