13330

SANDERS v. LUTHER *ET AL.*

(161 S. E., 70)

*Messrs. Claude M. Aman* and *Alfred Wallace, Jr.,* for appellant,

*Mr. W. J. Thomas,* for respondent,

January 18, 1932.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This case comes to this Court on appeal from an order of the Circuit Judge sustaining a demurrer to the complaint. The purpose of the action, which was commenced in the Court of Common Pleas for Beaufort County by service of summons and complaint, April, 1931, is to enjoin the defendants, as a board of directors of Beaufort County, from laying out and relocating a road across the plaintiff's land in said county. The county board of directors caused to be served on the plaintiff due notice to condemn the said land for the purpose named, a right of way for a public road over the same, and soon thereafter the plaintiff commenced this action. It appears that on motion of plaintiff's counsel, the Circuit Judge issued a temporary restraining order and rule to show cause why the said county board of directors should not be enjoined pending the trial of the case. At the hearing of the appeal, it was stated by counsel that while the said order was issued before a hearing of the condemnation proceeding before the said board, notice of the same was

not served on the board until after a hearing was had and testimony taken on the question of damages, at which hearing the plaintiff was represented by counsel. As to this, we deem it sufficient to state that no question is presented on the appeal arising out of the hearing before the said board of directors. Later on when the matter was heard by the Circuit Judge on the return day, pursuant to the order he had therebefore issued, it appears that no paper was presented to the Judge, or filed in the cause by the defendants, except a demurrer, and in passing upon the matter his Honor had nothing before him except the plaintiff's verified complaint and a demurrer to the same filed by the defendants. Following the hearing his Honor issued the following order:

"After reading the Complaint and the grounds of the demurrer, and after hearing W. J. Thomas for the defendants and C. M. Aman, Esq., for the plaintiff, and after giving due consideration to the issues raised, it is the opinion of the Court that the plaintiff has an adequate remedy at law and can recover from Beaufort County any damage she can sustain by reason of the condemnation of the right-of-way set out in the Complaint in this action.

"Therefore, it is ordered, that the demurrer be, and is hereby, sustained, and the temporary restraining order and the rule to show cause issued herein be, and the same are hereby, dismissed."

While the Circuit Judge did not in express words direct that the complaint should be dismissed, as conceded by counsel representing the respective parties, that was the effect of his Honor's order. From this order the plaintiff appeals to this Court and imputes error to the Circuit Judge as follows: "It is respectfully submitted that his Honor erred in sustaining the demurrer to the appellant's Complaint, on the ground that the appellant had a plain and adequate remedy at law, the error being, that on demurrer, the allegations of a complaint must be taken as true, and the Complaint alleges that there is no necessity for the building of the road in

question, and that public convenience will not be served by so building it, from which it follows that there is an alleged abuse of discretion in attempting to build it, and further alleges facts which show that the respondents are acting in bad faith, from which it follows that the appellant has no plain and adequate remedy at law for the reason that to permit the road to be built across her land under such circumstances would be to force appellant to accept such reward as may be allowed by law in full satisfaction, which would be illegally to force appellant to sell her land when she did not desire to do so."

It is the position of respondents that the complaint fails to state a cause of action that would warrant equitable relief,. and that the plaintiff has an adequate remedy at law. For that reason, the respondent contends that the order of the Circuit Judge, sustaining the demurrer, should be affirmed. In support of this position our attention is called to the case of *Emerson v. Kaminski et al.,* 143 S. C., 36, 141 S. E., 108, 109. It is true that some of the allegations of the plaintiff in the case of *Emerson v. Kaminski, supra,* are somewhat similar to some of the allegations in the complaint in the case at bar, and it is also true that there is contained in the opinion in the case of *Emerson v. Kaminski* a statement to the effect that the plaintiff had a remedy at law. However, according to our view, the cases are clearly distinguishable. Counsel for respondent calls special attention to the following allegations quoted from the complaint in the *Emerson-Kaminski case:* "That, if the defendants are permitted to proceed to condemn said right of way through the lands of plaintiff, the plaintiff will suffer irreparable injury and against his consent will be deprived of his property and the use and occupation of the same to his great damage, and the said property will be taken by the said defendants without an opportunity having been afforded plaintiff to assert and maintain and defend his rights of property before this Court."

His Honor, Judge Shipp, in his order dismissing the temporary restraining order in the above-mentioned case, *Emerson v. Kaminski,* and referring to the plaintiff's allegations, stated: "I find nothing in the complaint, other than allegations by way of conclusions of law or fact, from which it is made to appear that any of the alleged injury to the plaintiff could not be fully compensated in damages, or pointing to any element of illegality, oppression, abuse of discretion, or bad faith. On the other hand, it appears that the continuance of the restraining order, pending the hearing of the cause on its merits, will interfere with a public project which is intended to benefit a large and economically important section of Georgetown County. Under such circumstances, the law is well settled that interlocutory injunctive relief should not be granted. *Hutchison v. York County,* 86 S. C., 396, 68 S. E., 577; *Pickman v. Georgetown County,* 130 S. C., 18, 125 S. E., 191."

This Court agreed with the conclusion reached by Judge Shipp and affirmed his order. In our opinion, the allegations in the case at bar are stronger and go further in alleging a cause of action for equitable relief than the allegations in the *Emerson-Kaminski case.* In the case at bar the question of public necessity, upon which the authority of the county board of directors depends, is sufficiently raised; the plaintiff having alleged that the old road proposed to be abandoned is a shorter route between the principal places served than the proposed new road, and that the public necessity and convenience would not be better served by relocating the road along the line proposed by the respondents. These allegations are in addition to the allegation that the real purpose in relocating the road is to take it off of the land of another person and place the same over the land of the plaintiff. Such allegations, in effect, charge the defendants with being arbitrary and capricious in their conduct. Of course, the Court knows nothing of the truth or falsity of those allegations, but for the purpose of consider-

ing the demurrer they must be deemed to be true. Furthermore, in the *Emerson-Kaminski case,* the Circuit Judge did not dissolve the temporary restraining order altogether on the strength of the demurrer. In the order issued by his Honor no direct reference is made to the demurrer, but his Honor seems to have considered at length the verified complaint, verified answer, and the numerous affidavits submitted by both parties in reaching his conclusion in dissolving the temporary restraining order. In this connection we also call attention to the fact that the board of county commissioners of Georgetown, defendants in the *Emerson-Kaminski case,* were not only clothed with the general law under which the board of directors in the case at bar are acting, but were proceeding also under an Act of the General Assembly, approved February 24, 1926. As stated above, in the case at bar his Honor, the Circuit Judge, had no papers presented to him except the plaintiff's verified complaint and the demurrer to the complaint filed by the defendant, and, under the well-recognized rule, the allegations of the complaint must be accepted as true for the purpose of considering the demurrer to the same. In the *Emerson-Kaminski case,* the Court did not dismiss the complaint in the order issued, but simply dissolved the temporary restraining order. In our opinion, under the record in the case at bar, the complaint should not have been dismissed, and we think that his Honor was in error in sustaining the demurrer. As to dissolving the temporary restraining order, that was a matter largely within the discretion of his Honor, the Circuit Judge, and the order is affirmed in this respect.

It is therefore the judgment of this Court that the order of the Circuit Judge be modified to conform to the views herein expressed and that the case be remanded for such further proceedings as the parties may be advised, not inconsistent with the views herein expressed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM, and MR. ACTING ASSOCIATE JUSTICE C. C. FEATHERSTONE, Circuit Judge, concur.

Mr. Justice Cothran did not participate on account of illness.