9388

HENDERSON v. McMASTER, INSURANCE COMMISSIONER, *ET AL.*

(88 S. E. 645.)

1. PLEADING—DEMURRER—EFFECT.—A demurrer admits facts, but not construction of statutes or conclusions of law or fact.

2. STATUTES — CONSTRUCTION — GENERAL WORDS. — General words in a statute will be construed to apply only to the subject treated of.

3. CONSTITUTIONAL LAW—INSURANCE—EQUAL PROTECTION—REGULATION —STATUTES—VALIDITY.—Act March 2, 1916, sec. 7, exempting the State Warehouse Commissioner from its operation as to discrimina-

tory rates for insurance on property, applies only to that taken in his business as commissioner, and is not invalid as denying equal protection to other insurers.

4. CONSTITUTIONAL LAW—CLASS LEGISLATION.—It is not unlawful to classify business and provide different rules for different classes.

5. CONSTITUTIONAL LAW — INSURANCE — EQUAL PROTECTION OF LAWS.— Act March 2, 1916, sec. 8, exempting mill mutuals and factory insurance from its operation, is not therefore unconstitutional classification; there being a valid distinction between mutual insurance and ordinary insurance.

6. STATUTES—PARTIAL INVALIDITY—EFFECT.—If only an exception to operation of a statute is unconstitutional, it alone is invalid, but the statute itself is valid.

7. CONSTITUTIONAL LAW—INSURANCE—CONFUSION OF POWERS—POWERS OF COMMISSIONER.—Act March 2, 1916, sec. 6, authorizing the insurance commissioner to review rates, is not unconstitutional as confering legislative and judicial duties on the commissioner, but his duties are ministerial only.

8. STATUTES — VALIDITY — SUBJECTS AND TITLES. — Act March 2, 1916, authorizing the insurance commissioner to review rates, is not unconstitutional under Const., art. III, sec. 17, requiring the subject to be expressed in the title, because the title fails to state his authority; the general purpose and subject of preventing unlawful combinations being expressed.

9. STATUTES—VALIDITY—SUBJECTS AND TITLES.—Act March 2, 1916, prohibiting combinations of insurers and providing a penalty, is not unconstitutional under Const., art. III, sec. 17, requiring the subject to be expressed in the title, because the title fails to mention a penalty, since a prohibition and penalty necessarily go hand in hand.

10. MONOPOLIES — COMBINATIONS — PENALTY — VALIDITY.—Act March 2, 1916, prohibiting combinations of insurers, and requiring affidavits of rates, etc., is not invalid as providing a penalty for false swearing in excess of the Criminal Code provision as to perjury; it being competent to make such penalty heavier under certain circumstances, and Cr. Code 1912, sec. 344, allowing an additional penalty.

11. CONSTITUTIONAL LAW — VESTED RIGHTS — CONTRACTS WITH FOREIGN CORPORATIONS.—A citizen can acquire no vested right under a contract with a foreign corporation for his services, since the foreign corporation enters the State on sufferance, and can be excluded at the will of the State.

12. CONSTITUTIONAL LAW—OBLIGATION OF CONTRACTS—INSURANCE.—The State cannot impair the obligation of an insurance contract, though the insurer be a foreign corporation

13. PLEADING—DEMURRER—MATTERS ADMITTED—CONCLUSION OF FACT.— The allegation that by reason of enactment of a statute a foreign insurer was compelled to withdraw from the State is a conclusion of fact, and is not admitted by demurrer.

14. CONSTITUTIONAL LAW—RAISING CONSTITUTIONAL QUESTIONS—FOREIGN CORPORATIONS.—That a statute requires certain acts to be done by a foreign corporation a year hence is no ground for its withdrawal from the State on the enactment of the statute, and it cannot complain of loss of business during the year.

15. INJUNCTION — PETITION — SUFFICIENCY. — Petition for injunction to restrain the insurance commissioner from carrying out the provisions of Act of March 2, 1916, regulating insurance rates, *held* insufficient to sustain the sole grounds on which the writ could issue.

16. CONSTITUTIONAL LAW —JUDICIAL FUNCTIONS — PUBLIC WELFARE — WHO DETERMINES.—Under Const., art. IX, sec. 13, requiring the legislature to enact laws to prevent agreements against the public welfare, it is primarily for the legislature to determine what agreements are against public welfare.

ORIGINAL JURISDICTION.    Petition for injunction.    Dismissed.

Original application for an injunction by David B. Henderson against Fitz H. McMaster, Insurance Commissioner, and another.

*Messsrs. Mordecai & Gadsden & Rutledge, Nathans & Sinkler* and *Smythe & Visanska,* for petitioner, cite: *As to equal protection of law:* Const., art. I, sec. 5; 51 S. C. 51; 118 U. S. 373; 62 S. C. 516; 170 U. S. 225; 220 U. S. 61; 41 S. E. 108 and 521; 55 S. E. 136; 96 Tenn, 696; Cooley's Constitutional Law 482.    *As to delegation of judicial powers:* 87 S. C. 290; 31 S. E. 677; 28 L. R. A. 609; 26 L. R. A. 715.    *As to title of act:* 46 S. E. 771; 56 S. E. 46; 61 S. E. 256; 91 S. C. 450; 20 L. R. A. 827; 64 N. E. 466; 33 Mont. 179; 8 A. & E. Ann. Cas. 717.    *Petitioner's right to question act:* 209 U. S. 123; 35 L. R. A. 227; 172 U. S. 557; 104 Fed. 269; 17 L. R. A. (N. S.) 486; 79 S. C. 316, 330; 225 U. S. 501; 221 U. S. 660; 79 S. C. 316; 78 S. C. 211.

*Mr. Attorney General Peeples* and *Mr. W. H. Townsend,* for respondents, submit: *The constitutional questions do*

FOOTNOTE.—As to fire insurance being a business affected with a public interest, see notes in — L. R. A. 1915c, 1189.

*not arise:* 235 U. S. 610; 83 S. C. 489, 490; 43 S. C. 11; 83 S. C. 148; 94 S. C. 381.    *Petitioner's license having expired:* 94 S. C. 501, *and not having attempted to renew it, cannot question the existing law:* 154 Pac. 54.    *As to title of the act:* 152 Mo. 1; 45 L. R. A. 363; 36 S. C. 125; 95 S. C. 410; 89 S. C. 94; 42 L. R. A. 181; 62 S. C. 136; 154 Pac. 53. *The business of fire insurance is subject to police regulations:* 233 U. S. 389; L. R. A. 1915c, 1189; 86 Atl. 357; 96 Neb. 278; 154 Pac. 48; 197 Fed. 435.    *What is the exercise of judicial functions:* 87 S. C. 91; 82 S. C. 418; 154 U. S. 362; 164 U. S. 684; 92 Kan. 1012; 154 Pac. 50.    *Exemptions of mutuals:* 233 U. S. 417; 154 Pac. 54; 197 Fed. 435. *Provisions of acts severable:* 154 U. S. 362; 76 S. C. 21; 91 S. C. 567; 76 S. C. 39; 87 S. C. 292; 103 U. S. 445.

April 27, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.·

This is a case of very great importance.    It is also a case in which there is great popular interest.    The case demands prompt decision.    It should not be decided hastily, but without unnecessary delay.    In view of the fact that there is such popular interest, the decision should be couched in such terms that the people who are not trained lawyers can understand the reason of the decision, without unnecessary citation of authority.    Fundamental principles are sufficient. . The legislature of this State, at its recent session (1916), passed an act, entitled "An act to prevent fire insurance companies or associations or partnerships doing a fire insurance business in this State to enter into any compact or combination with any other fire insurance companies, associations or partnerships."

This act gives the insurance commissioner of this State power to "review" rates of insurance, and provides punishment for false affidavits therein required.    The petitioner comes into this Court in its original jurisdiction, and alleges

that he is a citizen of this State; that prior to the enactment of this statute he was doing an insurance business in this State, as the agent of the Liverpool and London and Globe Insurance Company of Liverpool, England, and that by reason of the passage of this statute, the said insurance company was compelled, by reason of the provisions of said act, to cease to do business in this State; that the petitioner has, by reason thereof, been deprived of his business; that he knows no other business. He asks that the insurance commissioner be enjoined from proceeding to carry out the provisions of the act. The petitioner alleges that the act is unconstitutional in certain particulars. The insurance commissioner and Attorney General, who also has some duties to perform under the act and is a party hereto, demur to the petition. That is to say, these State officers come into this Court and allege that, even admitting all the facts pleaded in the petition, still the petitioner has not shown that he is entitled to the injunction asked for. A copy of the act is set out in the case. It is not certified to, but is assumed to be a true copy of the act. The statute is alleged to be unconstitutional:

1. In that "the State warehouse commissioner is authorized to take any and all kinds of insurance on all clases of property, at any rates he may see fit, while the petitioner cannot accept any risk, and, therefore, is deprived of his property without due process of law, and is denied the equal protection of the law." A demurrer admits facts, but not constructions of statutes or conclusions of law or fact.

No such power is given to the State warehouse commissioner. The rule (no citation is necessary) in the construction of a statute is that general words—and it makes no difference how general—will be confined to the subject treated of. So here, the language, however general, would confine the insurance procured by or through the warehouse commissioner, to insurance procured

by or through him in his business as warehouse commissioner.

It is also objected that the mill mutuals and factory insurance associations are exempted and this is said to be an unjust discrimination. It is not unlawful to classify business and provide different rules for the different classes. That insurance in which one party is insurer and the other the insured is not in the same class with mutual insurance, in which a person is both insurer and insured.

If, however, these two provisions should be held to be unconstitutional, it would not affect this case, because the provisions are separable, and the rule is that the unconstitutional exception to a general provision fails, and the body of the act stands. In other words, if it is unconstitutional to exempt the State warehouse commissioner and the mill mutuals, then the business by and through the warehouse commissioner and the mill mutuals are not exempt from the provisions of the act.

2. It is next objected that the act is unconstitutional, in that it confers both legislative and judicial powers on the insurance commissioner, and the Constitution provides that these powers shall be kept separate. This act does not confer either power. The duties of the insurance commissioner are not legislative or judicial, but merely ministerial. *Carolina Glass Co.* v. *State*, 87 S. C. 270, 69 S. E. 391. The right of the State to review insurance rates is not in issue.

3. The next objection is to the title of the act, and it is claimed that the act does not conform to the title. The Constitution requires the subject to be expressed in the title. Article III, section 17. There are three specifications here, but they really raise two questions:

(a) It is said that there is nothing in the title to indicate that the commissioner is to be given power to review rates.

It is not the function of the title to set out the entire act, but to declare the "subject." The details are in the act. The prevention of unlawful combinations, by requiring rates to be submitted to a commissioner or commissioners for review, is well recognized in both Federal and State legislation. It is the well recognized method by which unjust and discriminatory rates are prevented. No one should claim that the body of the act, which provides the details, contains a surprise when the legislature has adopted the usual method.

(b) It is objected that the act provides a penalty, and there is no mention of a penalty in the title. When an act forbids the doing of a thing and provides no penalty for its violation, the act is wholly ineffective. An act to prevent and a penalty go hand in hand. It is said that the penalty for false swearing, under this act, is made more severe than perjury in other cases, and this cannot be allowed. This objection is untenable. There is no reason why perjury, under some circumstances, may not be more severely punished than perjury under other circumstances. It is common to fix a maximum and a minimum punishment, both as to fine or imprisonment, or fine and imprisonment, and to allow the trial Court a discretion to fix the amount of fine and imprisonment, or the fine or imprisonment. Besides this, section 344 of the Criminal Code allows an additional punishment for perjury of seven years, with no option to pay a fine.

4. The insurance commissioner and Attorney General have raised tentatively the question as to the right of the petitioner to raise the questions made in this case, but do not insist upon it. We will consider the question so far as it affects the merits of the case. No citizen of this State can have a vested right (as between himself and the State) in a contract to carry on business as agent of a foreign corporation within this State, because a foreign corporation can do business in this State only by permission of the State and can continue to do business within the State

only so long as the State permits it.    If a citizen of this State had any such vested right, then all that a foreign corporation would have to do would be to make contracts for 50 years with some citizens as its agents and the power of the State to rid itself of the corporation within the 50 years would be destroyed.    This position is untenable.    This principle does not apply to contracts of insurance already made between citizens of this State and foreign insurance companies; nor to contracts of insurance hereafter made between citizens of this State and such foreign insurance companies who are not doing business in this State.

It is said that by reason of this act the Liverpool and London and Globe Insurance Company has been compelled to withdraw from business in this State.    That is a statement of a conclusion of fact, and not admitted by the demurrer.    The facts stated in the record do not bear out the conclusion that this company was compelled to withdraw from business in this State by reason of the act of the legislature.    This company has already withdrawn from the State.    The affidavit as to unlawful combinations is not required to be filed now.    It is to be filed March 1, 1917 (the act contemplated a year and the necessary delay must be added), and that affidavit is for a renewal of the license to do business for another year.    That affidavit is that they have not entered into an unlawful agreement within the year.    That feature, therefore, can have had no legitimate effect on its withdrawal in 1916.

The objection to the other feature of the act, that rates shall be submitted to the insurance commissioner in order that he may see that they are not discriminatory or unjust, leads inevitably to one of three propositions: (1) It is impracticable to get a fair and just review of rates in this State; or (2) the insurance company desires to make discriminatory and unjust rates; or (3) a denial of the right of the State to impose any conditions on its right

to do business here. There is nothing in the petition to sustain either of the three propositions.

> The Constitution (article IX, section 13) requires the legislature to enact laws to prevent agreements against the public welfare. The legislature must primarily determine what agreements are against the public welfare.

The petition is dismissed, and the injunction refused.