### 10227

#### DRENNAN *ET AL.* v. BROWN *ET AL.*

(100 S. E. 75.)

PLEADING—CONCLUSIONS—FRAUD.—A complaint charging fraud by name, but stating no facts from which fraud is inferable, *held* insufficient to confer equitable jurisdiction.

Before TOWNSEND, J., Richland, Summer term, 1918. Affirmed.

Action by Sarah F. Drennan and others against Charles O. Brown and others. Judgment for defendants, and plaintiffs appeal.

*Messrs. Barnard B. Evans* and *Henry F. Jennings,* for appellants, cite: *As to charge of laches and neglect on part of appellants:* 62 S. C. 73 (quoting from *Babb v. Sullivan,* 43 S. C. *As to actual or constructive occupancy by plaintiffs:* 86 S. C. 358; 30 L. R. A. (N. S.) in note, p. 250. *Neither party in this case had actual occupancy of the land, and such of it as was shown is not inconsistent with general custom in that community at that time, therefore the cases of Connor v. Johnson,* 53 S. C. 131, and *Nicholson v. Villipigue,* 9 S. C. 232, do not apply. *As to respondent's claim of adverse possession: Renneker v. Warren,* S. C. ———;

*Kelly v. Germany,* 96 S. E. 596; 15 L. R. A. (N. S.), p. 1197 (note) ; 150 U. S. 597; 37 L. Ed. 1195; 14 Sup. Ct. Rep. 230.

*Messrs. Benet, Shand & McGowan,* for respondent, cite: *As to what plaintiffs must prove before they can maintain this action which is for quare clausum fregit:* 86 S. C. 358; 91 S. C. 321; 30 L. R. A. (N. S.), p. 243; 20 S. C. L. 466; 91 S. C. 232. *As to color of title and necessity therefor:* 57 S. C. 289; 53 S. C. 131; 40 S. C. 444; 25 S. C. 506; 94 S. C. 71; 1 Cyc. 1090; 88 Am. St. Rep., p. 701 (note). *As to adverse possession by respondent:* Code 1912, vol. II, sections 127-128; 82 S. C. 15; 82 S. C. 358; 14 S. C. 494.

July 14, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The action is at law to recover the possession of 728 acres of land just out of Columbia, in Center township, and alleged by the complaint to be in the possession of the defendant. The defendant denied plaintiff's title, and set up title in himself by adverse possession.

There is no element in the pleadings which smacks of the jurisdiction of a Court of equity. It is true the complaint charges fraud by name; but it states no facts from which fraud is inferable. The Circuit Court has heard the cause by consent, and found all the facts, and the law, of course, for the defendant. That is an end of the case.

The appeal is dismissed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and FRASER concur.

MR. JUSTICE HYDRICK did not sit.