10838

STEELE, RECEIVER, v. KIRVEN

(110 S. E. 837)

1. CORPORATIONS—KNOWINGLY FALSE REPRESENTATION THAT STOCK WAS WORTH PAR VALUE VITIATES SUBSCRIPTION.—Where the agent of a corporation in procuring a subscription for its corporate stock stated that the stock was worth par value, and the stock at that time was utterly worthless, the statement was a material misrepresentation which entitled the subscriber to have his subscription annulled.

2. PLEADING—MERE ALLEGATION CORPORATION WAS PROMOTED IN FRAUD DOES NOT AVOID SUBSCRIPTION CONTRACT.—In an answer to a complaint on note given in payment for a subscription for corporate stock, an allegation that the corporation was promoted in fraud, without a statement of facts to form the basis of the charge, will not be considered.

3. CORPORATIONS—FAILURE TO ISSUE CERTIFICATE DOES NOT AUTHORIZE CANCELLATION OF SUBSCRIPTION.—A subscriber for corporate stock is not entitled to have his subscription canceled on the ground of failure of the consideration because the corporation had failed to issue the certificate subscribed for; the stockholder's remedy being to enforce the obligation of the corporation to deliver the certificate.

4. CORPORATIONS—ANSWER OF SUBSCRIBER SUED ON NOTE HELD TO SHOW CORPORATION WAS INSOLVENT.—In an action by the receiver of a corporation on a note given by a subscriber for its corporate stock, an allegation in the answer that the corporation had never been a financial success, and that the stock at the time of the subscription was utterly worthless, sufficiently shows that the corporation for which plaintiff was receiver was insolvent.

Before McIVER, J., Darlington, July, 1921. Reversed.

Action by J. B. Steele as Receiver of Planters Fertilizer & Oil Co. against J. P. Kirven. From order sustaining demurrer to the answer the defendant appeals.

*Mr. E. C. Dennis,* for appellant, cites: *Order of Judge based on unsupported assumption that concern was insolvent and that creditors' rights had intervened:* 72 S. C., 137; 80 S. C., 432; 7 R. C. L., 238. *Rights against corporation where subscription induced by fraud:* 7 R. C. L., 40; *based on unsupported assumption that concern was incolwas procured by fraud had no superior equity:* 18 L. R. A. (N. S.), 347. *Subscriber may wait for suit and then set up fraud:* 1 Cook Corp., Sec. 152. *Laches:* 43 S. C., 436; 90 S. C., 90.

*Mr. Capers G. Barr,* for respondent, cites: *Party to judicial proceeding having assumed a position is estopped from assuming inconsistent position:* 16 Cyc., 796; 23 S. C., 96. *Estoppel from controverting allegations or admissions in pleadings:* 31 Cyc., 87; 37 S. C., 489; 21 S. C., 420. *Applicable to Appellate Courts:* 31 Cyc., 89; 53 Mich., 479. *Pleading to merits admits capacity of plaintiff:* 7 L. Ed. (U. S.), 927; 9 L. Ed., 746. *Requisites of answer:* Code Proc. 1912, Sec. 199; 10 S. C., 438; 58 S. C., 30; 4 S. C. 48; 9 S. C., 582. *Fraud in procuring stock subscription no defense to suit receiver on such subscription:* 34 Cyc., 406; 6 Hun. (N. Y.), 164; 1 N. Y. City Cl. Sup., 30; 48 Wash., 264; 33 L. R. A., 726, and note; 1 Tex. Civ. App., 58; 7 R. C. L., 235. *Laches:* 33 L. R. A., 726, and note; 76

Ga., 360; 91 U. S., 45; 17 Ves., 87; 12 C. L. & F., 248. *Fraud not available against creditors*: 85 Ga., 238; 74 Ga., 435; 147 Pa., 566.

February *27, 1922.*

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action upon a promissory note signed by the defendant, dated June 6, 1918, due 90 days after date, amount $960, payable to himself and indorsed to the Planters Fertilizer & Oil Company, of which company the plaintiff was appointed receiver by order of Court dated June 18, 1920. The defendant alleges in his answer that the note was given in payment of a subscription made by him to the capital stock of said corporation; that the subscription was procured by an authorized agent of the corporation upon the following representation: That the stock of the corporation was worth full par value; that as a matter of fact it was worthless and known so to have been by the agent and representative of the company, whose fraud is attributable to the company, and avoids his subscription. He further alleges that the corporation was promoted in fraud. He further alleges that no stock or anything else of value has ever been delivered to him, and that for that reason there has been a total failure of consideration. To this answer the plaintiff interposed a demurrer upon the ground that it did not state facts sufficient to constitute a defense or counterclaim. The demurrer was sustained by the Circuit Judge, the answer was stricken out, and judgment directed for the full amount of the note in favor of the plaintiff. From this order and judgment the defendant appeals.

The observations which follow the corresponding portion of the opinion in the case of *Steele v. Singletary,* 110 S. E., 833 (filed herewith), need not be repeated at

this point, and are referred to as if incorporated herein.

The first ground upon which defendant relies to avoid his contract of subscription is the alleged representation that the stock of the corporation was worth full value; that as a matter of fact it was at that time utterly worthless, and that this representation was made by the company's agent knowing that it was false. It could hardly be contended that this was not a representation of a material fact. If it was knowingly false, and as a matter of fact induced the subscription, as between the subscriber and the corporation the subscription should be annulled.

In the case of *Iler v. Jennings,* 87 S. C., 87; 68 S.E., 1041; *Id.,* 93 S. C., 185; 76 S. E., 276, it is held that any direct representation made by a director of a corporation as to its financial status, with a view of inducing a stranger to buy its stock, and acted upon by the buyer, is an express warranty, whether the seller actually knew the facts were as represented or not. If he knew them to be otherwise than true, it is a fraud. So the answer alleges.

The second ground urged by the defendant in avoidance of his contract is that the corporation was promoted in fraud. No facts to form the basis of this charge are stated, and it will not be considered.

The suggestion that the contract of subscription is without consideration for the reason that no certificates of stock were issued to him when he paid the $100 and gave his note for $400 is without merit, as he had the right to enforce compliance with this obligation on the part of the corporation; it is no ground for canceling the contract.

As we have endeavored to show, the only ground upon which the defendant should be permitted to contend that his contract of subscription should be annulled is that based upon the alleged representation that the stock was

worth full par value, when as a matter of fact it was worthless and knowingly so. As between him and the corporation this misrepresentation would unquestionably avoid the contract.

But a further serious question arises: Has the subscriber the right to set up this alleged misrepresentation as a bar to an action brought by the receiver of the corporation upon the subscription? This question is discussed in the opinion just filed in the case of *Steele v. Singletary*, to which reference is made. There is this difference between the Singletary case and the case at bar: In the former the complaint does not show, nor does the answer admit, that the Receiver was appointed for the corporation by reason of its insolvency; in the case at bar the very ground of misrepresentation relied upon by the defendant in his answer is that the corporation has never been a financial success, and that the stock at the time of his subscription was utterly worthless. In view of this position the defendant cannot take advantage of the omission of this complaint. The other essential elements of a bar to the defendant's defense referred to in the Singletary case may be put in issue by the defendant. For the reasons stated in the opinion in the Singletary case, the Circuit Judge was in error in sustaining the demurrer.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MR. JUSTICE WATTS did not participate on account of illness.