12379

BRUNSON ET. AL. v. FOWLER

(141 S. E., 732)

1. BILLS AND NOTES—IN ACTION ON NOTE BY ONE RECEIVING IT AFTER MATURITY, DEFENDANT MAY SET UP ANY VALID DEFENSE HE HAD AGAINST ORIGINAL PAYEE.—Where plaintiffs came into possession of note sued on after maturity, principles of law applicable are same as if original payee had brought action, and defendant has right to set up any valid defenses he had against such original payee.

2. BILLS AND NOTES—FRAUD INDUCING EXECUTION OF NOTE IS STATE OF MIND, DEPENDENT ON INTENT, PROVABLE BY CIRCUMSTANTIAL EVIDENCE.—Fraud in inducing execution of note is state of mind. dependent on intent, which is provable by circumstantial evidence.

3. CORPORATIONS—WHETHER REPRESENTATIONS OF PAYEE'S AGENT AS TO VALUE OF STOCK WERE FALSE AND FRAUDULENT, INDUCING PURCHASE FOR WHICH NOTE WAS GIVEN, HELD FOR JURY.—In action on note by one receiving it after maturity, questions whether representations of agent of original payee to defendant as to value of stock were fraudulent and thereby induced purchase of stock for which note was given and whether stock was of par value as represented *held* for jury.

4. BILLS AND NOTES—ISSUES OF FACT INVOLVING WEIGHT TO BE GIVEN TESTIMONY ARE FOR JURY.—Where issues of fact in action on note involved weight to be given testimony, they were properly submitted to jury.

Before BONHAM, J., Florence, February, 1927. Affirmed.

Action by H. A. Brunson and others against A. J. Fowler. Judgment for defendant, and plaintiffs appeal. Affirmed.

*Mr. R. B. Fulton,* for appellants, cites: *Failure to deliver capital stock is no defense to a note given in payment of the subscription price:* 48 S. C., 276; 18 S. C., 521; 120 S. C., 521.

*Mr. J. D. Gilland,* for respondent, cites: *Mere insufficiency of evidence and preponderance of evidence cannot be considered by this Court:* 140 S. C., 1; 92 S. C., 122. *Findings of fact not reviewed unless entirely unsupported by the evidence:* 140 S. C., 1; 106 S. C., 80; 125 S. C., 32. *Stock subscription induced by fraud should be annulled:* 110 S. E., 837.

February 23, 1928.

The opinion of the Court was delivered by MR. ACTING JUSTICE J. WM. THURMOND.

The action in this case was brought on a negotiable promissory note, executed December 8, 1921, by A. F. Fowler, to Freezo Company for $1,000, payable March 9, 1922. The testimony shows that this note was transferred by Freezo Company to M. L. Rhodes, May 11, 1922, and pledged as security for a loan of $4,000, made by the said M. L. Rhodes to Freezo Company.

The complaint is in the usual form. The answer sets up a general denial, except such allegations in the complaint as are specifically admitted in the answer. The answer sets up as defenses:

1 (Second of the answer). That Freezo Company was incorporated with an authorized capital stock of $6,000, and with the same assets the capital stock was fictitiously increased to $506,000, and such fictitious increase of the capital stock was fraudulently conceived, etc.

2 (Third of the answer). Misrepresentations that the stock was worth par when in fact and truth it was worth nothing, and thereby the defendant was fraudulently induced to buy $1,000 of the capital stock of said corporation, etc.

3 (Fourth of the answer). That the plaintiffs are not the holders in due course of the promissory note before maturity, and that they came into possession thereof as collateral security after maturity, etc.

It is not disputed that the plaintiffs came into possession of the note in controversy after maturity, and are not in the position of purchasers for value in due course before maturity.

The principles of law applicable are the same as if Freezo Company had brought this action, and the defendant has a right to set up any valid defenses he had against Freezo Company to the cause of action in the complaint. The consideration of the note was capital stock of Freezo Company to be delivered to the defendant in the future.

Fraud is a state of mind dependent on intent which is provable by circumstantial evidence. *Parham-Thomas-McSwain v. Atlantic Life Insurance Co.,* 111 S. C., 37; 96 S. E., 697.

In *Steele, Receiver, v. Kirven,* 120 S. C., 88; 110 S. E., 837; it is held:

"Where the agent of a corporation in procuring a subscription for its corporate stock stated that the stock was worth par value, and the stock at that time was utterly worthless, the statement was a material misrepresentation which entitled the subscriber to have his subscription annulled."

The testimony of the defendant tends to show that an agent soliciting subscriptions to the capital stock of the Freezo Company stated to him that the capital stock of the company was worth $506,000, and, as the authorized capital stock of the company was that amount, that would make the capital stock worth par.

Evidently the defendant believed the statement, for he subscribed for $1,000 worth of the stock. There was testimony tending to show that the capital stock was worthless. Whether the representations of the agent of Freezo Company to the defendant were fraudulent and thereby induced the defendant to purchase the stock, and whether the stock was of par value, raised issues of fact to be submitted to the jury, and the Circuit Judge committed no error in refusing to direct a verdict in favor of the plaintiffs.

The two exceptions for the direction of a verdict in favor of the plaintiffs are without merit, and the ruling of the Circuit Judge was correct.

The issues of fact in the case involved the weight to be given the testimony, and were properly submitted to the jury. *Anderson v. Hampton,* 134 S. C., 185; 132 S. E., 47. *Brogdon v. N. Ry. Co.,* 141 S. C., 239; 139 S. E., 459.

The judgment of the lower Court is affirmed.

MESSRS. JUSTICES BLEASE and CARTER concur.