14746

McLEOD v. SOUTHERN RY. CO. *ET AL.*

(198 S. E., 425)

*Mr. Frank G. Tompkins,* for appellant,

*Messrs. Herbert & Dial* and *Willcox, Hardee & Wallace,* for respondent,

August 31, 1938.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE G. B. GREENE.

Respondent wanted to go to the Kentucky Derby and see the races. To Southern Railway Company, at Columbia, S. C., on May 2, 1937, he wired: "Wire by Western Union if drawing room and four tickets for Kentucky Derby available." An agent of Southern Railway Company called respondent on long distance telephone and told him that in order to get the accommodations requested he should communicate with Romulus Reese, whose telephone number was given. Respondent communicated with Romulus Reese and was informed "that the special car for the Kentucky Derby would leave on the Southern Railway train at 12:45 p. m., on Thursday, May 6th, and would arrive at Louisville on the following morning and would continue there until

May 9th, for the convenience of those who wished to see the races, and that tickets for the races would be furnished."

Respondent on this information bought tickets for himself, his wife, and three other ladies, took the train and went to Louisville. On Saturday morning thereafter respondent and his party were given tickets marked "General Admission", and upon inquiring from Romulus Reese about them were informed that they were the only kind of tickets furnished, but that they admitted the holders to the grand stand. When respondent and his party endeavored to go to the races they found that the tickets merely admitted them to the grounds and that no seats on the grand stand or elsewhere that would enable them to see the races were to be had. Respondent and his party were unable to see the races and returned without accomplishing the purpose of their trip.

The foregoing is a statement of the ultimate facts alleged by respondent in his complaint against Southern Railway Company and Romulus Reese as defendants in the Court of Common Pleas for Richland County; and it is upon the proof of these alleged facts that respondent must rely to make out a cause of action against the defendants. In addition to the allegation of the foregoing facts there is added paragraph eight of the complaint which alleges: "That through the negligence, wantonness and wilfulness of the defendants, acting in cooperation and concert, jointly and severally, the one as the agent of the other, the plaintiff was misled and imposed upon and caused to take a long journey at great expense, without achieving the object of his trip, and was humiliated and embarrassed by having induced others to do likewise; all to his damage in the sum of Ten Thousand ($10,000.00) Dollars."

Southern Railway Company demurred to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action. The demurrer was heard by Honorable C. C. Featherstone, presiding Judge, who, on

February 22, 1938, signed an order overruling the demurrer. This appeal is from that order.

Appellant rests its appeal upon four exceptions, which are:

"1. That his Honor erred in overruling the demurrer of the defendants, in that the complaint shows on its face that the plaintiff asked for and received a ticket to the races.

"2. That his Honor erred in overruling the demurrer, in that the complaint shows on its face that if any contract for any other accommodations than those furnished the plaintiff was made, it was not made with Southern Railway Company.

"3. That his Honor erred in overruling the demurrer in that the complaint shows on its face that if any promise was ever made to plaintiff that he would be furnished a ticket entitling him to a seat on the grand stand, it was made by the co-defendant herein, after the contract was entered into between this defendant and the plaintiff, and was not a part of the original contract under which this plaintiff is suing.

"4. That his Honor erred in overruling the demurrer in that the complaint shows on its face that if there was any negligence in the failure to furnish the plaintiff with a seat in the grand stand, it was the negligence of the operators of the race track in admitting more persons to the races than could be accommodated, over which this defendant had no control."

We shall first dispose of the following question raised by respondent: "Does the defendants' demurrer herein comply with Rule 18 of the Rules of the Circuit Court requiring the demurrer to state wherein the pleading objected to is insufficient?"

In the Transcript of Record under "Demurrer" only this appears: "The defendant, Southern Railway Company, hereby demurs to the complaint herein upon the ground that the same does not state facts sufficient to constitute a cause of action."

The exceptions do charge, however, that the Circuit Judge erred in overruling the demurrer for a number of specific reasons, as will appear by reference to the exceptions above set out, and there is nothing in the record before us to show that these specific reasons or grounds were not argued before the Circuit Judge. Furthermore, there is nothing in the record to show that the question now raised by respondent was either raised or passed upon by the Circuit Judge. In *Elkins v. South Carolina & G. Railroad Co.,* 59 S. C., 1, 37 S. E., 20, the Court said: "If it should be said that the 'case' does not show that the respondent complied with the requirement of Rule 18 of the Circuit Court, that the specific grounds upon which the demurrer rested should be pointed out, a sufficient answer would be that it does not appear that any such question was either raised or passed upon by the Circuit Judge, and hence this Court cannot consider it. Besides, in the absence of any showing to that effect in the 'case', this Court would have no right to assume that a party has disregarded the rules of the Court."

That case was cited with approval in *Bushardt v. United Investment Co.,* 121 S. C., 324, 113 S. E., 637, 35 A. L. R., 637, in which the same question was raised in connection with a motion for a nonsuit. The Court then went on to say (page 639) : "While in this case it is not expressly stated in the record that the grounds of the motion for nonsuit are correctly set forth in the exceptions, in perfecting the appeal the case and exceptions must have been served in due course upon respondent's counsel. They were thereby notified that this Court would be asked to review the refusal of the motion for nonsuit duly noted in the case upon the grounds set out in Exception 2. If the grounds set out in that exception were not a correct presentation of the ground assigned for the motion as made, on circuit, respondent's counsel should have taken steps in apt time to have the case amended and settled so as to show the facts affirmatively. There can be no doubt that where an appeal

involves the trial Judge's ruling on a motion for nonsuit, in the absence of an express agreement in the case to the effect that the grounds are correctly set out in the exceptions, the better practice is to incorporate in the case the grounds of the motion and the trial Judge's ruling thereon, to the end that this Court may not be called upon to consider grounds for nonsuit which may be embodied in the exceptions, but which were not in fact ruled upon by the Court below. See *Hicks v. So. Ry. Co., supra* [63 S. C., 599, 41 S. E., 753]. But the mere fact that the grounds of the motion are set out in the case is not sufficient to warrant this Court in indulging a presumption that the exception directed to the Judge's refusal of the nonsuit does not correctly present the grounds of the motion as made on circuit."

Counsel for respondent in their brief admitted that some and possibly all of the points raised by the exceptions were argued before the trial Judge. It is clear, therefore, that the foregoing question must be answered in favor of appellant.

Counsel for respondent call attention in their brief to the fact that the folios of the transcript of record are not numbered as required by Rule 5 of the Rules of this Court. That omission was evidently not called to the attention of the Clerk, whose duty it was under that rule to return the record to appellant. The transcript of record covers less than five pages, consisting of a brief statement, the complaint, the demurrer, the Circuit Judge's order, and the exceptions. The omission could not possibly prejudice anyone. The case was docketed and submitted on written briefs. No motion was made during the term in regard to this omission and under the circumstances we are not disposed to penalize appellant therefor.

We come now to a consideration of the questions raised by the exceptions. The main question as stated by counsel for appellant in his brief is: "Does

not the complaint show on its face that the defendant, Southern Railway Company, complied fully with any contract which was made by it with the plaintiff?" The complaint shows that respondent's contract with appellant through Romulus Reese was for transportation to and from Louisville, Kentucky, and for tickets to the races. That was the entire contract as disclosed by the allegations of the complaint. The complaint does not allege that respondent paid for or was entitled to receive reserved seats or seats on the grand stand or elsewhere. Neither are there any facts alleged from which it might be inferred that reserved seats were in the contemplation of the parties when the contract was made. The complaint shows that respondent and his party were transported to and from Louisville, Kentucky, and that four tickets to the race track grounds were furnished him.

Respondent relies strongly upon the allegation that when he was given tickets marked "General Admission" and inquired of Romulus Reese about them he "was told that they were the only kind of tickets furnished, but that they admitted the holders to the grand stand." It will be noticed that respondent at that time was not informed that the tickets entitled him to reserved seats on the grand stand. It is not alleged that tickets of that kind would not admit one to the grand stand or that respondent was prevented from going thereon by appellant or by anyone acting by its authority or under its control. The words: "was told that they were the only kind of tickets furnished", are significant because the only reasonable inference to be drawn from them is that all general admission tickets admitted the holders to the grand stand, that when respondent arrived at the grounds all seats on the grand stand had been filled, and that no seats thereon were available to respondent. It appears, therefore, that respondent's trouble was that he arrived at the race track too late to get a seat. In our opinion the complaint shows on its face that appellant fully performed its part of the contract with respondent.

Respondent insists that the allegations of Paragraph eight of the complaint are sufficient to make out a cause of action for tort. We cannot sustain that contention for the reason that the allegations of Paragraph eight of the complaint are mere conclusions that are not warranted by the ultimate facts alleged.

All other questions raised by the exceptions are secondary to the main question which we have decided in appellant's favor, and need not be considered. We are of opinion therefore that the Circuit Judge erred in not sustaining appellant's demurrer to the complaint.

The judgment of the Circuit Court is reversed and the case remanded to that Court with leave to plaintiff to amend his complaint, if he be so advised.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.