14870

McLEOD v. SOUTHERN RY. CO. *ET AL.*

(2 S. E. (2d), 741)

*Messrs. Herbert & Dial,* for appellant.

*Mr. Frank G. Tompkins,* for respondent, Southern Railway Co.

April 25, 1939.

The opinion of the Court was delivered by Mr. Justice Baker.

This is the second appeal in this case. See *McLeod v. Southern Ry. Co. et al.,* 188 S. C., 14, 198 S. E., 425.

On the first appeal this Court held that the complaint of the respondent (now the appellant) did not state a cause of action in that it showed on its face that the appellant (now the respondent) had complied fully with any contract which was made by it with respondent (now appellant), but leave was granted to respondent to amend his complaint, if he be so advised.

Paragraphs five and seven of appellant's original complaint were as follows:

"That upon communicating with said number and person, the plaintiff was informed that the special car for the Kentucky Derby would leave on the Southern Railway train at 12:45 p. m. on Thursday, May 6th, and would arrive at Louisville on the following morning and would continue there until May 9th for the convenience of those who wished to see the races and that tickets for the races would be furnished."

"That plaintiff and his party, besides being given the railway tickets, were given on Saturday morning tickets marked 'General Admission', and upon enquiring of Mr. Romulus Reese about these tickets was told that they were the only kind of tickets furnished, but that they admitted the holders to the grand stand. But when the plaintiff and his party endeavored to go to the races, they found that the tickets merely admitted them to the grounds and not to the grand stand and that no seats on the grand stand, clubhouse or elsewhere, to enable the plaintiff and his party to actually witness the races, were to be had and the plaintiff and his party were unable to see the races and returned without accomplishing the purpose of their trip."

The amended complaint (the complaint now before the Court) contains as added words to said paragraphs five and seven, respectively, the following:

"that it was represented to the plaintiff that the tickets which he purchased included:

-" 'Transportation to and from Louisville. Private berth entire trip. Lodging while in Louisville. Meals while in transit. Ticket to Kentucky Derby.' "

"that said tickets did not admit the holders to the grand stand *or any place which would enable the plaintiff to see the races and were not therefore tickets to the Kentucky Derby,* although plaintiff arrived in ample time for the Derby." (Italics added.)

The delivery of a ticket to the races was at least an implied contract that the ticket would admit appellant to a

place where the races could be seen, not necessarily a vantage point, but certainly to a point or place where the races could be seen by him. If the ticket or tickets sold and delivered to appellant did not admit him where he could see the races, and this is what his complaint states, then, in our opinion, a cause of action against respondent has been stated, and the demurrer should have been overruled.

Reversed and remanded.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE FISHBURNE concur.

MR. JUSTICE BONHAM and MR. ACTING ASSOCIATE JUSTICE M. M. MANN dissent.

MR. JUSTICE CARTER did not participate on account of illness.

MR. ACTING ASSOCIATE JUSTICE MANN (dissenting) :

A concise, comprehensive outline of the background of all former procedure is necessary to a clear understanding of the present issues. For this purpose we quote at some length from the order of Judge Sease:

"The complaint alleges that on the 2nd day of May, 1937, the plaintiff wired the defendant asking if four tickets for the Kentucky Derby were available for him, as well as train accommodations. He alleges that the agent of the defendant, Southern Railway Company, called him on the telephone and told him to get in touch with the defendant Reese, and that upon communicating with Reese he was informed that a special car would leave Columbia on May 6th and that the accommodations which he purchased included, among other things, 'Ticket to Kentucky Derby.' He then alleges that upon arrival in Louisville, he and his party were given tickets marked 'General Admission,' and upon enquiring of Reese about them, was told that they were the only kind of tickets furnished, but that they admitted the holders to the grand stand, but when he and his party attempted to go to the races, they found that the tickets merely admitted them to the grounds, and that no

seats on the grand stand, clubhouse, or elsewhere were available to enable the plaintiff actually to witness the race, 'and that said tickets did not admit the holders to the grand stand or any place which would enable the plaintiff to see the races, and were not therefore tickets to the Kentucky Derby, although plaintiff arrived in ample time for the Derby.'

"The defendant, Southern Railway Company, demurred to the complaint on the ground that the same did not state facts sufficient to constitute cause of action, for the following reasons:

"1. That the complaint shows on its face that the plaintiff contracted for and received a ticket for the races.

"2. That the complaint shows on its face that if any promise was made to plaintiff that he would be furnished a ticket, entitling him to a seat on the grand stand, it was made by the co-defendant Reese, and after the contract was entered into between this defendant and plaintiff and was not a part of the original contract under which plaintiff is suing.

"3. That the complaint shows on its face that the contract made by the plaintiff with this defendant did not call for nor in any manner specify that he was to receive a seat on the grand stand.

"4. That the complaint shows on its face that if there was any negligence in the failure to furnish plaintiff with a seat in the grand stand, it was the negligence of the operators of the race track in admitting more people than could be accommodated, over which this defendant has no control.

"This is the second complaint filed by the plaintiff arising out of this alleged cause of action. The first complaint was demurred to by the defendant Southern Railway Company, and the demurrer overruled. Southern Railway appealed from this order, and in an opinion rendered on September 1, 1938, the Supreme Court sustained the demurrer but

gave leave to the plaintiff to amend his complaint if he should be so advised. A comparison of the two complaints shows that they are identical in all respects, with the following exceptions:

"1. In paragraph 5, after setting out his contract to purchase railway accommodations and tickets to the Derby, the following words were added:

" 'that it was represented to the plaintiff that the tickets which he purchased included: Transportation to and from Louisville, Private berth entire trip, Lodging while in Louisville; Meals while in transit; Ticket to Kentucky Derby.'

"2. In paragraph seven of the complaint it is alleged that the tickets did not admit the holders to the grand stand, and at the conclusion of the paragraph are added the following words, which did not appear in the first complaint:

" 'That said tickets did not admit the holders to the grand stand or any place which would enable the plaintiff to see the races and were not therefore tickets to the Kentucky Derby, although plaintiff arrived in ample time for the Derby.' "

In disposing of the issues in the former appeal this Court, speaking through Mr. Acting Associate Justice G. B. Greene, said:

"We come now to a consideration of the questions raised by the exceptions. The main question as stated by counsel for appellant in his brief is: 'Does not the complaint show on its face that the defendant, Southern Railway Company, complied with any contract which was made by it with the plaintiff? The complaint shows that respondent's contract with appellant through Romulus Reese was for transportation to and from Louisville, Kentucky, and for tickets to the races. That was the entire contract as disclosed by the allegations of the complaint. The complaint does not allege that respondent paid for or was entitled to receive re-

served seats or seats on the grand stand or elsewhere. Neither are there any facts alleged from which it might be inferred that reserved seats were in contemplation of the parties when the contract was made. The complaint shows that respondent and his party was transported to and from Louisville, Kentucky, and that four tickets to the race track grounds were furnished them.

"Respondent relies strongly upon the allegation that he was given tickets marked 'General Admission' and enquired of Romulus Reese about them, he 'was told that they admitted the holders to the grand stand.' It will be noticed that respondent at that time was not informed that the tickets entitled him to reserved seats on the grand stand. It is not alleged that the tickets of that kind would not admit one to the grand stand, or that respondent was prevented from going thereon by appellant or by anyone acting by its authority or under its control. The words: 'was told that they were the only kind of tickets furnished' are significant because the only reasonable inference to be drawn from them is that all general admission tickets admitted the holders to the grand stand, that when respondent arrived at the grounds all seats to the grand stand had been filled and that no seats thereon were available to respondent. * * * In our opinion the complaint shows on its face that the appellant fully performed its part of the contract with respondent."

As will readily be observed, this Court has already held that "the words 'was told that they were the only kind of tickets furnished' are significant because the only reasonable inference to be drawn from them is that all general admission tickets admitted holders to the grand stand."

The sole question now to be determined is, Has the appellant by any amendment alleged any duty or breach of duty on the part of respondent requiring it to enforce his right to a grand stand seat and actually to see that such a seat was provided?

Obviously the amendment to Paragraph 7 of the complaint was added to meet this requirement. The added allegation "that said tickets did not admit the holders to the grand stand or any place which would enable the plaintiff to see the races," is not a sufficient allegation of breach of duty to cure the original defect.

In the former opinion appellant was fully advised that he had not alleged that the tickets of that kind would not admit one to the grand stand, or that respondent was prevented from going thereon by appellant "by any one acting by its authority or under its control."

The inserted allegation that the tickets did not admit does not supply the failure to allege that they would not admit to the grand stand. The failure to do so after this clear declaration by this Court cannot be otherwise regarded than as significant. The amendment falls far short of curing the indicated weakness. It reveals no duty on the part of respondent not heretofore revealed. Nor does it clarify, or amplify any hitherto alleged breach of duty.

The words "were not therefore tickets to Kentucky Derby" construed in their general relation to the whole complaint, state nothing more than an unsupported conclusion.

Thus we find this Court in accord with Judge Sease in his holding that the defects originally pointed out have not been cured and that the complaint as amended is still fatally insufficient.

It follows that the inferences drawn and conclusions arrived at in the former opinion should here be reaffirmed.

The order appealed from should be affirmed.

MR. JUSTICE BONHAM concurs.